SO ORDERED.

SIGNED this 21st day of July, 2015.



Dale L. Somers
United States Bankruptcy Judge

---

**Opinion Designated for Electronic Use, But Not for Print Publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

CHRISTOPHER SHAWN REED,                    CASE NO. 14-12644-7
JESSICA RAE REED,                          CHAPTER 7

                        DEBTORS.

**OPINION AND JUDGMENT DENYING**
**TRUSTEE'S MOTION FOR TURNOVER**

This matter is before the Court on the Chapter 7 Trustee's motion for turnover of a

portion of the Debtors' state income tax refund. Trustee J. Michael Morris appears as his

own attorney. The Debtors appear by counsel Doug Depew. The Court has reviewed the

relevant materials and is now ready to rule.

**Facts**

The Debtors' 2014 Kansas K-40 income tax return showed they owed $653 before

the allowance of credits. The K-40 form then had them deduct an earned income credit of

$394, leaving a tax balance of $259. After this calculation was made, the form had a line labeled "Refundable portion of earned income tax credit" where the Debtors entered $0 to report the earned income credit amount that remained after applying the credit to their income tax liability. Next, the Debtors' income tax withholding of $1,181 was deducted, which covered the $259 tax balance and left them with an overpayment of $922. They therefore received a refund of $922.

The Court notes that, as a matter of mathematics, the Debtors' refund would have been the same if the $1,181 withheld from their wages had been applied first to the $653 they owed in taxes, leaving an overpayment of $528, and then their earned income credit had been added to bring their total refund to $922. In other words, the fact the Debtors qualified for the earned income credit increased the amount of the refund they were entitled to receive by the amount of their earned income credit. The parties agree that the bankruptcy estate is entitled to 330/365ths of whatever part of the Debtors' refund is not exempt.

**Discussion**

The question here is whether (1) the Debtors are entitled to keep their $394 earned income credit as exempt under K.S.A. 60-2315, or (2) the fact they had to enter $0 on the line on the K-40 labeled "Refundable portion of earned income tax credit" means their otherwise exempt earned income credit was used up paying part of the tax they owed so that their entire refund has to be attributed to money that was withheld from their wages and not to the earned income credit.

2

The Trustee has crafted a plausible argument based on the K-40 tax return form the Debtors filed for 2014.  As indicated, the form directs the taxpayer to determine the amount of tax owed and then deduct the earned income credit from that amount *before* deducting the credit for taxes withheld from the taxpayer's wages.  The form refers to any excess of the earned income credit over the taxes owed as the "[r]efundable portion of earned income tax credit."  In addition, as the Trustee claims, K.S.A. 2014 Supp. 79-32,205 provides:

> (a) There shall be allowed as a credit against the tax liability of a resident individual imposed under the Kansas income tax . . . an amount equal to 17% for tax year 2013, and all tax years thereafter, of the amount of the earned income credit allowed against such taxpayer's federal income tax liability pursuant to section 32 of the federal internal revenue code for the taxable year in which such credit was claimed against the taxpayer's federal income tax liability.

> (b) If the amount of the credit allowed by subsection (a) exceeds the taxpayer's income tax liability under the Kansas income tax act, such excess amount shall be refunded to the taxpayer.

Subsection (b) can be read to suggest the earned income credit is the first credit item that is to be deducted from the taxpayer's tax liability.  However, subsection (b) can also be read simply to declare that the earned income credit is a refundable credit.  The Trustee has not offered any reason why the earned income credit should be applied before the taxpayer's credit for withholding taxes is applied, beyond the fact the K-40 form says to make the calculation that way.  As in this case, the refund due to the taxpayer would ordinarily be the same no matter which credit is applied first.  And since the earned income credit exemption provided by K.S.A. 2014 Supp. 60-2315 applies only in cases

3

filed in federal bankruptcy courts, Kansas state regulators have no apparent reason to try to control how the exemption is applied by those courts.

The Trustee has not cited any of the Kansas Administrative Regulations and the Court could find nothing in them imposing a requirement that an earned income credit be deducted from a taxpayer's income tax liability before the withholding tax the taxpayer had deducted from his or her wages.[1]  Without the earned income credit, the Debtors' refund would have been $528; with it, their refund was $922.  Thus, $394 of their refund is clearly attributable to the earned income credit.

Similar to K.S.A. 2014 Supp. 79-32,205, the statutes governing income tax withholding require applying the tax withheld from the taxpayer's wages as a credit against any income tax owed, and refunding any excess to the taxpayer.  In relevant part, K.S.A. 2014 Supp. 79-32,100 provides:

> (c) The amount deducted and withheld under this act during any calendar year from the wages or payments other than wages of an individual taxpayer shall be allowed as a credit against the income tax otherwise imposed on such taxpayer by the "Kansas income tax act," whether or not such amount was remitted to the division of taxation by the employer, payer, person or organization deducting and withholding tax in accordance with the terms of this act.

> (d) If the amount withheld under this act during any calendar year exceeds the individual income tax liability of the employee-payee-taxpayer any excess shall be applied to any other income tax owed the state of Kansas by such individual, including fines, penalties and interest, if any, and the balance of such excess, if any, refunded to the taxpayer as provided

---

[1] *See* Kansas Administrative Regulations, Agency 92. Dep't of Revenue, Article 12. Income Tax, K.A.R. 92-12-1 through 92-12-149 (found in database "KS ADC" on Westlaw, current through Volume 34, No. 22, May 28, 2015).

4

in subsection (c) of K.S.A. 79-32,105, and amendments thereto.[2]
These provisions make clear that the credit for income tax withheld from the taxpayer's wages is a refundable credit. The provisions are more complicated than 79-32,205, but any amount withheld is to be refunded to the taxpayer to the extent it exceeds the current and past income taxes and related charges the taxpayer owes.

Comparing 79-32,205 to 79-32,100(d) suggests a reason why the drafters of the K-40 form wanted to apply the earned income credit to the taxpayer's tax liability before the credit for taxes withheld from the taxpayer's wages: the earned income credit statute (79-32,205) does not say the refundable part of the earned income credit can be applied to other income taxes and related charges the taxpayer owes to the state, but the withholding tax credit statute (79-32,100) does say any excess withholding credit can be applied to such debts. So applying the earned income credit first to the taxes owed for that tax year ensures that any refund can be attributed to taxes withheld to the greatest extent possible, and that allows the state to rely on 79-32,100 and recover as much as possible from the refund to pay any other income taxes the taxpayer owes. But nothing in the statutes leads to the conclusion they should be construed to limit the exemption that is available to a debtor in a bankruptcy case. The Court is not willing to read the K-40 form to mean the form's creators intended to reduce or eliminate the earned income credit exemption a

---

[2]K.S.A. 2014 Supp. 79-32,105(c) says when the director of the Department of Revenue discovers that the amounts paid by or credited to a taxpayer exceed the amount legally due for the income tax or any other tax owed to the state, the director is to certify that fact to the director of accounts and reports, who is then to issue a warrant to the taxpayer for the excess.

5

taxpayer would otherwise be able to claim in a bankruptcy case.

K.S.A. 2014 Supp. 60-2315 provides, in relevant part,

An individual debtor under the federal bankruptcy reform act (11 U.S.C. § 101 et seq.), may exempt the debtor's right to receive tax credits allowed pursuant to section 32 of the federal internal revenue code of 1986, as amended, and K.S.A. 2014 Supp. 79-32,205, and amendments thereto. An exemption pursuant to this section shall not exceed the maximum credit allowed to the debtor under section 32 of the federal internal revenue code of 1986, as amended, for one tax year.

Even though the Kansas earned income credit clearly caused the Debtors' state tax refund to increase by the amount of the credit, the Trustee contends the K-40 method of calculating their refund means they had no "right to receive" the Kansas earned income credit because it was all applied to the amount of their tax liability, and their entire refund was therefore attributable solely to the income tax withheld from their wages. The Court cannot agree. The "right to receive" language does not have to be read to mean the exemption is available only to a debtor who is entitled to get specific money that constitutes the earned income credit. It can instead be read simply to mean the exemption is available to any debtor who qualifies for the credit.[3] In this sense, the Debtors "received" the credit by having it applied to their income tax liability, which in turn increased their tax refund by the amount of the credit. As indicated, the Court is convinced the K-40 form was constructed the way it was to make sure the state could collect as much as possible in other income taxes owed by a taxpayer who qualified for

---

[3]*In re Westby*, 473 B.R. 392, 421 (Bankr. D. Kan. 2012) (suggesting 60-2315 applies to part of refund "caused or brought about by" earned income credit).

both an earned income credit and a withholding tax credit, not so a taxpayer who filed bankruptcy would lose an otherwise exempt earned income credit to his or her creditors.

Despite the computation method employed on the K-40 form, the Court concludes this case is properly decided by applying the general Kansas view that "exemption statutes are to be liberally construed in favor of those intended by the legislature to be benefitted."[4] Clearly the Kansas legislature intended for K.S.A. 2014 Supp. 60-2315 to benefit people who file for bankruptcy by allowing them to protect one years' worth of their earned income tax credits from the claims of their creditors and bankruptcy estates. The Court notes this result also agrees with decisions by two other bankruptcy judges in this District who rejected different efforts to reduce or eliminate a debtor's earned income credit based on the "right to receive" language, or by apportioning some or all of the earned income credit to the prepetition portion of the debtor's tax liability for the year.[5]

**Conclusion**

For these reasons, the Court concludes the Trustee's motion for turnover must be and it is hereby denied. The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, which make Rule 52(a) of the Federal Rules of Civil Procedure apply to this matter. This

---

[4] *Hodes v. Jenkins (In re Hodes)*, 308 B.R. 61, 65 (10th Cir. BAP 2004); *Nohinek v. Logsdon*, 6 Kan. App. 2d 342, 344 (1981).

[5] *Westby*, 473 B.R. at 421 (Karlin, J.), *aff'd* 486 B.R. 509 (10th Cir. BAP 2013); *In re Roy*, Case No. 12-11246-7, Order on Trustee's Motion for Turnover (Bankr. D. Kan. Sept. 24, 2013, *unpub. op.*) (Nugent, C.J.).

judgment will become effective when it is entered on the docket for this case, as provided

by Federal Rule of Bankruptcy Procedure 9021.

# # #